## FABRIC FIRE HOSE CO. *v.* BIBB MANUF'G CO.

*(Circuit Court, S. D. New York.   June 5, 1889.)*

PLEADING—ANSWER—MOTION TO STRIKE OUT.
   In an action for the price of corporate stock sold by plaintiff to defendant the defense that plaintiff agreed to deliver stock of a certain kind, which he has not done and cannot do, may be made under a general denial, and a paragraph of the answer setting up those facts will be stricken out.

At Law.   On motion to strike out.
*Alfred Ely,* for plaintiff.
*D. M. Porter,* for defendant.

LACOMBE, J.   The plaintiff moves to strike out the second paragraph of defendant's answer to the amended complaint as irrelevant, false, and sham, or that said paragraph be made more definite and certain by stating and alleging therein the date when the special statute referred to in such paragraph was enacted and approved, together with the title to the said act.   Upon the hearing an amendment making such paragraph more definite and certain, by inserting such date and title, was ordered, and the answer amended in open court.   The plaintiff also moves that the third paragraph of defendant's said answer be stricken out as irrelevant, hypothetical, and sham.   Such paragraph is as follows:

"*Third.* For a third defense the defendant avers, upon information and belief, that if the contract alleged to have been made between the parties to this action was made by and entered into between them, that it was and is a part of the alleged contract that the plaintiff should deliver to the defendant stock fully paid up and stock upon which this defendant could not in any way be liable except for the wages of employés, and that at the time the alleged contract is alleged to have been entered into the plaintiff was not and has not at any time since been able to deliver any such stock to this defendant, but has made default and has thereby broken its contract."

The motion to strike out this paragraph is granted.   Upon the argument, defendant's counsel insisted that without it he could not avail of the defense that the plaintiff had not correctly set forth the alleged contract whose making even was contested by the defendant.   There seems to be no ground for any such apprehension.   Plaintiff can recover only *secundum allegata et probata.*   It must show the making of a contract such as it has set forth in the amended complaint, and fulfillment of such contract (or readiness to fulfill) upon its part.   If the contract between the parties provided for the delivery of full paid-up stock, that fact will appear when the contract is proved; and if the stock which plaintiff has tendered is not the kind of stock which the contract provided for, such tender will not be a compliance with its terms.   Under the general denial, therefore, which puts in issue the making of the contract and its fulfillment by plaintiff, the defendant can avail of the defense set out in the third paragraph, if there be such a defense, quite as well as if the same were expressly pleaded.